ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2010 JUN -9 PM 2: 56

DUBLIN DIVISION

| | |
|---|---|
| TERRY LAMAR BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-097 |
| ) | |
| DR. MARY ALSTON, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Men's State Prison in Hardwick, Georgia,[1] commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which

---

[1] At the time of the events giving rise to his complaint, Plaintiff was incarcerated at Johnson State Prison in Wrightsville, Georgia.

relief may be granted. 28 U.S.C. § 1915(e) & 1915A. After a review of Plaintiff's complaint and prior history of case filings, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.[2,3]

## I. ABUSE OF JUDICIAL PROCESS

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

---

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

[3] The Court notes that Plaintiff previously filed a motion to amend and was directed by the Court to submit an amended complaint. (See doc. nos. 4, 11.) Plaintiff has now informed the Court that he no longer wishes to amend his complaint (see doc. no. 12), and therefore, the Court proceeds to screen his original complaint.

[4] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the same facts as those involved in this action or lawsuits dealing with facts other than those involved in this action, the litigant is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

Under penalty of perjury, Plaintiff indicated that, while incarcerated or detained in any facility, he had brought only one other lawsuit dealing with the same facts as those involved in this action. (Id. at 1.) Specifically, Plaintiff referenced the case of Baker v. Alston, Civil Case No. 309-022 (S.D. Ga. Mar. 6, 2009) ("CV 309-022"). (Doc. no. 1, pp. 1-2.) Under penalty of perjury, Plaintiff also indicated that he had not brought any other lawsuits dealing with facts other than those involved in this action. (Id. at 2.) However,

3

Plaintiff's responses were dishonest for several reasons. First, CV 309-022 did not involve the same facts as those alleged in the instant action. Indeed, Plaintiff's claims in the instant action involve medical treatment for problems with his left testicle (see doc. no. 1, pp. 7-8), while Plaintiff's claims in CV 309-022 involved medical treatment for infantigo and his right testicle, as well as claims related to a disciplinary report and his placement in segregation, see CV 309-022, doc. no. 17, pp. 2-5. Plaintiff's responses were also dishonest because a review of Plaintiff's history of case filings reveals that prior to the date Plaintiff filed the instant case, he had filed at least three other cases in federal court that he failed to disclose in his complaint, namely Baker v. Upton, Civil Case No. 104-049 (M.D. Ga. Apr. 19, 2004); Baker v. Washington, Civil Case No. 307-051 (S.D. Ga. Aug. 13, 2007); and Baker v. Alston, Civil Case No. 308-034 (S.D. Ga. Mar. 31, 2008) ("CV 308-034"). Notably, Plaintiff alleged in CV 308-034 that, *inter alia*, he had been denied proper medical treatment for his problems with his left testicle, his sole claim in the instant case. Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

4

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted). As Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court recommends that this case be dismissed without prejudice as a sanction for abuse of the judicial process.[5]

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

However, even if Plaintiff had been honest about his filing history, Plaintiff's complaint suffers from an additional problem, namely, his failure to exhaust administrative remedies. As alluded to above, in his complaint, Plaintiff alleges that Defendants Mary Alston and Gail Powell were deliberately indifferent to his serious medical needs for failing

---

[5]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

to ensure that he saw a doctor about his swollen left testicle. (See doc. no. 1, pp. 7-8.) Plaintiff states that as a result, his left testicle had to be removed. (Id. at 8.) Notably, Plaintiff maintains that he has exhausted his administrative remedies with respect to this claim and points to documents filed in CV 309-022 as proof of exhaustion. (Id. at 3-4.) However, as discussed in further detail below, the information provided by Plaintiff does not demonstrate that he has exhausted his administrative remedies.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Indeed, under the PLRA, the Court may not inquire as to whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson v. Meadows, 418 F.3d 1152, 1155, 1156 (11th Cir. 2005), cert. denied, 548 U.S. 925 (2006).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps"

in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159. Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 F. App'x 918, 920 (11th Cir. 2006) (*per curiam*) (quoting Johnson, 418 F.3d at 1155). Finally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

The administrative grievance process within the Georgia Department of Corrections is governed by SOP IIB05-0001. Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. See SOP IIB05-0001 § VI(B). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the

7

inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

As noted above, Plaintiff maintains that he has exhausted his administrative remedies with respect to his claim regarding his left testicle. (Doc. no. 1, pp. 3-4.) However, the Court is aware that in CV 308-034, this same claim was dismissed for failure to exhaust his administrative remedies. See CV 308-034, doc. no. 26, *adopting* doc. no. 14. Of course, the Court recognizes that Plaintiff could have exhausted this claim since CV 308-034 was dismissed. As noted above, in the instant case, Plaintiff relies on documents he previously filed in CV 309-022 as proof of exhaustion of his left testicle claim. (See doc. no. 1, p. 3.) However, as explained in the July 23, 2009 Report and Recommendation entered in CV 309-022, these documents do not demonstrate that Plaintiff exhausted his administrative remedies with respect to this claim. Indeed, a careful review of those documents reveals that Plaintiff

8

was concerned about a cyst on his right testicle, not a swollen left testicle. See CV 309-022, doc. no. 7, p. 7; doc. no. 17, p. 7 n.5. In sum, the documents identified by Plaintiff in the instant complaint as proof of exhaustion in fact demonstrate that Plaintiff has not exhausted his administrative remedies with respect to his left testicle claim. Notably, Plaintiff has presented no other documents to demonstrate that he has exhausted the instant claim regarding his left testicle. Thus, even if Plaintiff had been honest about his prior filing history, this Court would still recommend that this case be dismissed for failure to exhaust administrative remedies.[6,7]

---

[6] The Court also notes that Plaintiff's complaint suffers from other deficiencies. Indeed, while Plaintiff names Johnson State Prison, Nurse O'Neal, and Dr. Schoolcraft in the portion of the form complaint directing Plaintiff to name the defendants in this case (see doc. no. 1, p. 4), Plaintiff asserts no allegations of wrongdoing against them in the statement of his claim. Nor does he explain how Johnson State Prison, as an entity, is responsible for any alleged unconstitutional conduct. Accordingly, these Defendants are due to be dismissed for this reason as well. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations associating the defendants with the purported unconstitutional conduct); see also LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (noting that § 1983 requires proof of an "affirmative causal connection" between the actions taken by a person acting under color of state law and the purported constitutional violation).

[7] The Court recognizes that the Supreme Court recently held that under the Prison Litigation Reform Act, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 215-16; see also Clark v. Georgia Bd. of Pardons & Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint (which references documents that do not demonstrate exhaustion) that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (per curiam) (finding that the district court properly dismissed the plaintiff's complaint

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for abuse of the judicial process and for failure to exhaust administrative remedies.[8]

SO REPORTED and RECOMMENDED this 8th day of June, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

because the allegations in the complaint sufficed to establish that the plaintiff failed to exhaust his administrative remedies).

[8] The practice of dismissing a case as a sanction for providing false information about prior filing history has been previously utilized June 1, 2010 in the Southern District. See Hood v. Tompkins, Civil Case No. 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (per curiam); see also Harris v. Donaldson, Civil Case No. 605-061 (S.D. Ga. Jan. 23, 2006) (dismissing complaint without prejudice as sanction for the plaintiff's abuse of the judicial process).